UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                        PLAINTIFF

vs.                                                                                          3:19-CR-206-RGJ

LESA ANDRADE                                                                                 DEFENDANT

**MOTION TO REVOKE RELEASE ORDER**
*– Filed electronically –*

Comes the United States of America, by counsel, Robert B. Bonar, Assistant United States Attorney for the Western District of Kentucky, and respectfully requests this Court to revoke the release order regarding Lesa Andrade pursuant to Title 18, United States Code, Section 3145(a)(1). A memorandum in support of the motion follows.

MEMORANDUM IN SUPPORT

Lesa Andrade is under Indictment for her role in soliciting and facilitating the brutal murder of a federal witness. Andrade used her cell phone to communicate with co-conspirators about identifying witnesses and took steps to find the victim prior to the murder. Based on the nature of the offense, the weight of the evidence concerning Andrade's danger to the community and the seriousness of the threat she poses to other witnesses, she should be detained pending trial.

Title 18, United States Code, Section 3145 governs the review and appeal of a release or detention order. Subsection 3145(a)(1) reads in pertinent part as follows:

> If a person is ordered released by a magistrate judge or by a person other than a judge of a court having original jurisdiction over the offense other than a federal appellate court - (1) the attorney for the government may file with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release;

. . .

The motion shall be determined promptly.

Title 18, United States Code, Section 3145(a)(1).

This case arises from the murder of a federal witness. On May 8, 2016, A.P. was brutally murdered in front of her young son because she had provided testimony to a federal Grand Jury relating to staged car accidents and health care fraud being committed by a number of individuals in Louisville, Kentucky. The investigation into the fraud case revealed that Lesa Andrade was the owner and operator of a chiropractic clinic. In November 20, 2019, Cynthia Allen and Bobby Lee Smith were indicted on federal capital charges for the murder of A.P. The Indictment charged Allen and Smith with retaliating against a federal witness by killing; tampering with a witness by killing; and killing a person aiding a federal investigation.

Based on probable cause that evidence of the plan to murder A.P. would be found on Andrade's cell phones, federal agents with the FBI obtained a search and seizure warrant and took possession of eight devices from Andrade's home in Tampa, Florida on December 19, 2019. Although authorized to search the phones, full extractions were not possible at the time due to technological limitations with the extraction software. By early 2021, federal investigators had the ability to extract the phones and were able to retrieve incriminating text messages on one of Andrade's phones. Among those messages were a series of communications between Andrade and Cynthia Allen relating to locating A.P. prior to the murder.

Based on the serious nature of the text messages the United States sought the Superseding Indictment in this case (DN 87) on February 23, 2021. The Superseding Indictment added Andrade to the original Indictment and charged her with Solicitation to Commit a Crime of violence, specifically, the murder of A.P, a witness in an official federal proceeding, in violation

of Title 18, United States Code, Section 373(a). The court also issued a warrant for Andrade's arrest.

Agents arrested Andrade at her home on February 25, 2021 and she appeared in federal court in the Middle District of Florida. The Magistrate Court in Florida held a bond hearing that day and heard evidence of Andrade's text messages proffered by the United States. The court ordered that Andrade be detained pending removal to the Western District of Kentucky and noted that she could revisit the issue of detention upon arrival in Kentucky (*United States v. Lesa Andrade*, 8:21-mj-01179, MDFL, Clerk's Minutes, February 25, 2021).

After her arrival in the Western District of Kentucky, Andrade filed a motion for Pretrial Release (DN 110, Motion, DN 113, Proposed Order). The court held an arraignment and detention hearing on May 6, 2021 via videoconference. The United States objected to the motion due to the danger Andrade posed to other persons and the community. The United States introduced seventeen text messages extracted from Andrade's phone and one text message from the phone recovered at the murder scene presumably dropped by the killer. (Government Exhibit 1). The messages were not the entirety of those extracted but a series from the period between March 1, 2016 and March 14, 2016 and offered to demonstrate the efforts made by Andrade and Allen to locate A.P prior to the murder. Although Allen is listed in the extraction reports as "Virginia Walker Watkins," the United States proffered to the court that agents had identified the corresponding phone number to be the phone Allen was using at the time.

The following messages were introduced:

3

| 3/1/16 6:55 PM | Andrade to Allen | If they both come up missing is that 5k each? We have got to try |
| --- | --- | --- |
| 3/1/16 7:29 PM | Andrade to Allen | All 10 won't testify against you because those other people are going to be afraid to be labeled as snitches on the street they know that's a death sentence |
| 3/1/16 7:32 PM | Andrade to Allen | Also if three are on your side that leaves v if they can't say anything about you then there's [A.P] and her sister I'm sure they can be persuaded not to testify against you |
| 3/1/16 7:34 PM | Andrade to Allen | 3 is on your side 5 don't know you that leaves [A.P.], her sister, and Daddy O am i understanding this correctly |
| 3/2/16 10:03 PM | Andrade to Allen | Who's momma was killed by a ambulance order something like that when they stepped off the curb |
| 3/2/16 11:48 PM | Andrade to Allen | Baby we will find her |
| 3/3/16 3:12 PM | Andrade to Allen | Idea it's a long shot but it's a thought if she has a home phone and its listed in her name you can call information and they will give you the address |
| 3/4/16 3:52 PM | Andrade to Allen | I just learned that if you know someone who works in the insurance business they can run her information and get her address immediately. This was on Steve Harvey Show |
| 3/12/16 1:18 PM | Andrade to Allen | Baby I am afraid also for you! Your babies need you although they are going to give you a lot of probation time. I don't think they are going to take you away from your babies because of your past Plus I don't think that b**** is going to have the nerve to testify because she knows she'll die if she does |
| 3/12/16 1:23 PM | Andrade to Allen | Do you have her tag info? |
| 3/12/16 1:28 PM | Andrade to Allen | If we have a tag number I can tell the attorney that I have it from a hit-and-run and he will get the information for me you know Brian is easy |

| 3/12/16 1:33 PM | Andrade to Allen | We will find her unless they have her ass in protective custody |
| --- | --- | --- |
| 3/14/16 8:14 AM | Allen to Smith | Wtf OK I wonder if she's moved or in protective custody. Call me later |
| 3/14/16 10:27 AM | Andrade to Allen | How does [A.P.] spell her name I'm trying to pull up her rental property so I need to make sure I have it correct |
| 3/14/16 10:28 AM | Andrade to Allen | And how old is she? |
| 3/14/16 10:37 AM | Andrade to Allen | He found found her, now he is going to pull up the information and call me back before 11. I told him that if he found the correct address that he would get a blessing |
| 3/14/16 10:53 AM | Andrade to Allen | What is her sister name I will ask about her ? She will lead to her |
| 3/14/16 11:06 AM | Andrade to Bryant | Try her sister, we have Cooper apt.no one is ever there, it's a ghost town. Lol we have no address for her sister ? ▮ ▮ I'll get her age. She's 30 something |

The court heard argument and ordered that Andrade be released with conditions which included home detention, surrender of a passport, travel restrictions and prohibition from gun possession. The United States now requests the District Court to revoke the Magistrate Court's order of release.

## ARGUMENT

The United States District Court for the Western District of Kentucky at Louisville is the court of original jurisdiction over the charged offense. Accordingly, this is the proper place for a review of the Magistrate Judge's release order. Furthermore, Title 18, United States Code, Section 3142(d) allows for the temporary detention of an individual to permit revocation of a

5

conditional release.

In *United States v. Salerno*, 481 U.S. 739 (1987), the Supreme Court upheld the Bail Reform Act of 1984, which allowed for the pretrial detainment of arrestees. *Id*. at 750-52. The Court acknowledged the "important and fundamental nature" of an individual's interest in liberty, but emphasized that "this right may, in circumstances where the government's interest in sufficiently weighty, be subordinated to the greater need of society." *Id*. at 750-51.

According to the provisions of Title 18, United States Code, Section 3142(e), a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will assure the defendant's appearance and the safety of the community. The factors to be considered in determining whether to release a defendant pending trial are set forth in Title 18, United States Code, Section 3142(g) and include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against a person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

In the instant case, several factors require detention. First, Andrade should be detained based on the nature and circumstances of the offense charged. This case is extremely troubling and speaks directly to the integrity of the justice system and the safety of those who may be called as witnesses. As the Magistrate Judge observed during the hearing, "the nature and circumstances of the offense couldn't be more serious" and "almost blocks everything else out."

Second, the weight of the evidence against Andrade is substantial, certainly with respect to the danger she presents if released. The text messages show Andrade's substantial role in A.P.'s murder. After reviewing the evidence presented at the hearing, the Magistrate Judge commented

6

that Andrade's texts showed a "degree of active involvement that is very troubling." It is apparent that Andrade took an active role in locating A.P. and other witnesses with direct knowledge that witnesses would be harmed. There can be little question what she meant by writing, "If they both come up missing is that 5k each? We have got to try." Equally clear is her statement, "people are going to be afraid to be labeled as snitches on the street they know that's a death sentence." It is clear that Andrade was determined to locate A.P. Even after an apparent trip by Smith to find A.P. Andrade texted, "We will find her unless they have her ass in protective custody."

Finally, the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release are extremely concerning. The Magistrate Judge noted, "I do believe there is a danger to the community." Indeed, there is. A federal witness has already been brutally murdered. Andrade stands charged for her role in the killing of a witness in a case in which she was not a defendant. Now she faces charges herself. This case, like the underlying fraud case and every other case brought to court has witnesses. The type of danger Andrade presents is a credible and serious threat to anyone believed to be a witness. That threat cannot be alleviated by the conditions set by the Magistrate Court. There is simply no way to assure Andrade won't have access to a phone or computer, or to prohibit others from visiting her. Without a viable way to eliminate these activities, Andrade has the same ability to communicate and attempt to locate witnesses.

## CONCLUSION

Based on the foregoing, the United States respectfully submits that it has met its burden of persuasion to demonstrate that an evaluation of the factors to be considered when determining whether there are conditions of release that will reasonably assure the safety of any other person and the community and assure the defendant's appearance weigh in favor of detention. Therefore,

the United States respectfully requests entry of an Order revoking the order of release previously entered in this action and directing the detention of Lesa Andrade pending disposition of the criminal action against him in this jurisdiction.

Respectfully submitted,
MICHAEL A. BENNETT
Acting United States Attorney

*s/ Robert B. Bonar*
Robert B. Bonar
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 585-5911
(502) 582-5907 (Fax)

Certificate of Service

It is hereby certified that a copy of the foregoing was sent by electronic transmission through the Courts ECF system to defense counsel on May 7, 2021.

*s/ Robert B. Bonar*
Robert B. Bonar
Assistant United States Attorney